ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATHANIEL W. ELLIBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-3403-JAR |
| ) | |
| KATHLEEN SEBELIUS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

The Court now considers plaintiff's: (1) Motion to Reconsider (Doc. 22); (2) Motion for Leave to File Sur-Reply Instanter (Doc. 42); (3) Motion to Grant Plaintiff's Unopposed Motion to Reconsider (Doc. 25); and (4) Motion for Default Judgment (Doc. 26). The Court also considers defendants' Motion to File Sur-Response Instanter (Doc. 39). The Court **grants** the motions for leave to file a sur-response and a sur-reply to the Motion to Reconsider.

Plaintiff's motions to reconsider and for default judgment ask the Court the construe Judge Van Bebber's March 7, 2005 Order (Doc. 6) denying plaintiff's Motion for Class Certification and Appointment of Counsel. (Doc. 3.) That Order also ordered the Kansas Department of Corrections (KDOC) to file a <u>Martinez</u> report and ordered defendants to file an Answer to the Complaint "no later than twenty (20) days following the receipt fo [sic] that report by counsel for defendants." (Doc. 6 at 4.)

**1. Motion to Reconsider**

Plaintiff asks this Court to reconsider Judge Van Bebber's March 7 Order denying his motion

for class certification and for appointment of counsel. This Court may only grant relief under Rule 60(b) in extraordinary circumstances, requiring the plaintiff to satisfy one of the grounds set forth in that rule.[1] Plaintiff argues in his motion that the Court misapprehended controlling law in denying his motion. He also argues that new evidence in the Martinez report justifies reconsideration. Defendants state that the Court lacks subject matter jurisdiction "over the motion." Defendants fail to explain, however, how the Court can lack subject matter jurisdiction over a motion, as opposed to the entire case and conflates that issue with whether the Court lacks an appropriate basis under Fed. R. Civ. P. 60 to alter or amend judgment. The Court finds that there is no basis to question the Court's subject matter jurisdiction in this context.

The Court finds that exceptional circumstances that may warrant relief under Fed. R. Civ. P. 60(b) are not present here. Plaintiff's argument that Judge Van Bebber misapprehended the law is not a proper basis upon which to raise a motion under Rule 60(b).[2] The Tenth Circuit recognizes that "in some instances relief may be granted under Rule 60(b)(1) on a theory of mistake of law, when, as here, the Rule 60(b) motion is filed before the time to file a notice of appeal has expired. However, such relief is available only for obvious errors of law, apparent on the record."[3] No such errors appear in

---

[1] *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991); *see* Fed. R. Civ. P. 60(b). These grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered ; . . . (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[2] *Van Skiver*, 952 F.2d at 1244.

[3] *Id.* (citation omitted).

this record. Judge Van Bebber appropriately considered the requirements for class certification found in Fed. R. Civ. P. 23 and determined that plaintiff had not met his burden of establishing these requirements.[4] Particularly, Judge Van Bebber ruled that plaintiff was an inappropriate class representative under the fourth requirement in Rule 23.[5]

Further, plaintiff's argument that the <u>Martinez</u> report includes new evidence, as contemplated by Rule 60(b), is unpersuasive. Plaintiff repeatedly points to the language in the report that "[m]any of the allegations contained in this Petition are true." Plaintiff neglects to include the following sentence in the report, which states: "However, even the true allegations do not give rise to a constitutional claim for which relief is available." Aside from this line in the report, plaintiff points to no new evidence that would have changed the conclusion drawn by Judge Van Bebber in his March 7, 2005 Order. Therefore, plaintiff's motion to reconsider is **denied**.

### 2. Motion to Grant Plaintiff's Unopposed Motion to Reconsider

Next, defendants assert that because plaintiff failed to properly serve defendants with the motion to reconsider, they had no obligation to respond. The Court takes this opportunity to remind both parties of the applicable rules in a case such as this. Indeed, the Court is required to construe pro se pleadings liberally and recognizes that plaintiff is not an attorney. However, plaintiff is still under an obligation to follow the Federal Rules of Civil Procedure in prosecuting his case. Fed. R. Civ. P. 5

---

[4] Although plaintiff is correct that the Court must conduct a "rigorous analysis" of whether the Rule 23 prerequisites have been met, "it need not blindly rely on conclusory allegations." *Shook v. El Paso County*, 386 F.3d 963, 968 (10th Cir. 2004) (internal quotation omitted).

[5] For purposes of class action suits, a class representative is distinct from counsel. Plaintiff's request for appointment of counsel may not cure his inability to satisfy the requirement of being a representative party of the class who is able to fairly and adequately protect the interests of the class.

clearly and unmistakably states that all pleadings, orders and motions "shall be served on <u>each</u> of the parties."[6] Rule 5(b) then provides that if a party is represented by counsel, service under Rule 5(a) may be made on such counsel. Rule 5(d) requires all filings to include a certificate of service. Plaintiff attaches to his reply memorandum a certificate of service for Julie L. St. Peter, who is listed as counsel only for defendant KDOC. At the time he filed his motion to reconsider, no attorney had entered an appearance in the case for the remaining defendants. Plaintiff assumed that serving Ms. St. Peter constituted sufficient service for all defendants.

There is no dispute that plaintiff failed to properly serve his motion to reconsider on any of the defendants except for the KDOC. Plaintiff's attached certificate of service is for Ms. St. Peter only. According to plaintiff, he "in good faith served <u>ALL</u> pleadings filed in the case upon the only attorney that had appeared on the record in any capacity on the defendant's [sic] behalf, to-wit: Julie L. St. Peter. . . . If it was not Mrs. St. Peter's place to accept the service of pleadings on behalf of the defendant's [sic], why did she sit by in silence, and accept the pleadings?" It is obvious to the Court that plaintiff did not understand his service obligations under Rule 5 with regard to multiple defendants. However, the Court also notes that this error does not appear to have been made in bad faith. At this point, plaintiff should be familiar with the basic rules of pleading and service. Neither the Court nor opposing counsel has any obligation to advise plaintiff of his duties under the applicable rules of the court. "[A]n appellant's pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."[7] As far as this

---

[6] Fed. R. Civ. P. 5(a) (emphasis added).

[7] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

motion goes, the Court will consider it timely filed and responded to, as the state defendants have now had an opportunity to respond and to file a sur-response. Therefore, plaintiff's Motion to Grant Plaintiff's Unopposed Motion to Reconsider (Doc. 25) is **denied**. The Court cautions plaintiff to carefully review the rules of procedure in the future, as he will be charged with notice of the service requirements from this point forward.

### 3. Motion for Default Judgment

Plaintiff filed a motion for default judgment under Fed. R. Civ. P. 55, stating that the opposing party failed to plead or otherwise defend in this action based on his contention that defendants failed to file an Answer by the deadline set forth in Judge Van Bebber's March 7 Order. That Order required the KDOC to file a Martinez report and ordered defendants to file an Answer to the Complaint "no later than twenty (20) days following the receipt fo [sic] that report by counsel for defendants." (Doc. 6 at 4.)

The Court finds that plaintiff's request for default judgment is without merit. Defendants are correct that Judge Van Bebber's Order required an Answer to be filed within 20 days of *receipt* of the Martinez report by defendants. The deadline for filing an Answer did not stem from the date the report was filed with the Court. Counsel for defendants represents that his office acknowledges receipt of the report on August 2, 2005. Therefore, the Answer was due on August 22, 2005. All defendants filed motions to dismiss before August 22, 2005. (Docs. 36, 38.) Therefore, defendants are not required to file a responsive pleading until ten days after notice of the Court's denial of such motions.[8] Because the

---

[8] Fed. R. Civ. P. 12(a)(4)(A).

Court finds none of the defendants in default, it denies plaintiff's Motion for Default Judgment.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to File Sur-Reply Instanter (Doc. 42) and defendants' Motion to File Sur-Response Instanter (Doc. 39) are **granted**.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Motion to Reconsider (Doc. 22); Motion to Grant Plaintiff's Unopposed Motion to Reconsider (Doc. 25); and Motion for Default Judgment (Doc. 26) are **denied**.

**IT IS SO ORDERED.**

Dated this 25th day of October 2005.

                                             S/ Julie A. Robinson
                                             Julie A. Robinson
                                             United States District Judge