ams

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NATHANIEL W. ELLIBEE,       )
          )
          Plaintiff,   )
          )
     vs.           )     Case No. 04-3403-JAR
          )
KATHLEEN SEBELIUS, *et al.*,    )
          )
          Defendants.  )
          )

## MEMORANDUM AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Plaintiff, a prisoner proceeding *pro se*, filed this action against the following defendants claiming violations of his civil rights: Kansas Department of Corrections in its official capacity; Kansas Parole Board in its official capacity; the State of Kansas in its official capacity; Kathleen Sebelius, in her official capacity as the Governor of Kansas; Marilyn Scaife in her individual and official capacity as Parole Board Chairperson; and Roger Werholtz in his individual and official capacity as Secretary of Corrections.   Specifically, plaintiff claims that defendants are in violation of the Eighth Amendment to the United States Constitution because they are responsible for prison overcrowding that led plaintiff to contract tuberculosis.  Plaintiff seeks both injunctive and monetary relief from the defendants.  Plaintiff also claims that defendants are liable for negligence under the Kansas Tort Claims Act (KTCA).

The Court now considers a Motion to Dismiss by the Kansas Department of Corrections (Docs. 38) and a Motion to Dismiss by the remaining defendants (Doc. 36).  In their motions, defendants contend: that the State and its agencies are immune from suit under the Eleventh Amendment; that the individual defendants are immune from suit in their official capacities

under the Eleventh Amendment; that plaintiff failed to exhaust his administrative remedies; and that the individual defendants either enjoy qualified immunity from suit or plaintiff fails to state claim against them in their individual capacities.  As described more fully below, the Court grants defendants' motions to dismiss the federal claims because plaintiff either lacks standing, the defendants are immune from suit, or plaintiff failed to exhaust his administrative remedies. The Court dismisses plaintiff's state law claim because it is barred by the statute of limitations.

## I.  Motion to Dismiss Standards

### *Fed. R. Civ. P. 12(b)(1): Lack of Subject Matter Jurisdiction*

There are two statutory bases for federal subject matter jurisdiction.  First, under 28 U.S.C. § 1332,  federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exists.  Second, under 28 U.S.C. § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," or federal question jurisdiction.  In addition, if the Court has federal question or diversity jurisdiction of some claims, it may exercise supplemental jurisdiction over state law claims.[1]

The Tenth Circuit has commented on the limited jurisdiction of the federal courts and summarized the duties of the district court in considering whether it has jurisdiction to consider a case:

> The Federal Rules of Civil Procedures [sic] direct that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the

---

[1]28 U.S.C. § 1367.

> action." . . . Moreover, "[a] court lacking jurisdiction cannot render
> judgment but must dismiss the cause at any stage of the
> proceedings in which it becomes apparent that jurisdiction is
> lacking." . . .  Nor may lack of jurisdiction be waived or
> jurisdiction be conferred by "consent, inaction or stipulation.
> Since federal courts are courts of limited jurisdiction, there is a
> presumption against our jurisdiction, and the party invoking
> federal jurisdiction bears the burden of proof.[2]

Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction

is proper.[3]  Mere allegations of jurisdiction are not enough.[4]

### *Fed. R. Civ. P. 12(b)(6): Failure to State a Claim upon which Relief may be Granted*

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the

sufficiency of the complaint and should not be granted "unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[5]

When deciding a motion to dismiss, the Court "must accept as true the plaintiff's well-pleaded

factual allegations and all reasonable inferences must be indulged in favor of the plaintiff."[6]

Furthermore, the Court must construe *pro se* pleadings liberally and apply a less stringent

standard than what is applicable to attorneys.[7]  However, the Court may not provide additional

factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's

---

[2]*Penteco Corp. v. Union Gas Sys.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations and quotations omitted).

[3]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[4]*Id.* at 798.

[5]*Callery v. U.S. Life Ins. Co.*, 392 F.3d 401, 404 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)); *Martinez v. Roth*, 53 F.3d 342, 342 (10th Cir. 1995), *cert. denied*, 516 U.S. 1012 (1995).

[6]*Martinez*, 53 F.3d at 342 (quoting *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir. 1987)).

[7]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

behalf."[8]  The Court need only accept as true plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[9]

## II.  Background

Plaintiff filed the Complaint in this case on behalf of himself and other "similarly situated" plaintiffs who are prisoners in the custody of the Kansas Department of Corrections (KDOC).  The Complaint alleges constitutional and tort liability based on prison overcrowding, understaffing and disobedience of an order entered by Judge Rogers in *Arney v. Finney*,[10] a 1991 case addressing prison overcrowding issues in the Kansas prison system.  The Court has denied plaintiff's motion for class certification in this case.  (Docs. 6, 48.)

Plaintiff has been located at the El Dorado Correctional Facility in El Dorado, Kansas (EDCF) since 1999 but has been in KDOC custody since 1992.   Plaintiff was housed at the Hutchinson Correctional Area-Central Unit (HCAC) on and off during his term of custody, most recently from May 17 until May 19, 2004.  From January 6, 2004 until May 17, 2004, plaintiff was housed in a private prison in Texas.  Plaintiff maintains in the Complaint that he contracted tuberculosis (TB) in 1995, while in KDOC custody.  He asserts that he contracted TB because prison officials failed to isolate the general population at the prison from those with contagious diseases, such as TB.

The Court will now summarize Plaintiff's general allegations of deficiencies in KDOC management and control of the prisons: (1) KDOC officials do not properly isolate incoming

---

[8]*Id.*

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]766 F. Supp. 934 (D. Kan. 1991).

inmates prior to receiving results of TB tests; (2) when infected inmates are placed in isolated

cells, those cells lack independent ventilation systems; (3) KDOC fails to isolate inmates with

other contagious diseases such as Methicillin Resistant Staphylococcus Aureus (MRSA) and

Hepatitis B and C; (4) prisoners are denied treatment for these diseases while incarcerated; (5)

KDOC fails to adequately staff its facilities, breaching security at the prisons; (6) this

understaffing has required prison officials to work large amounts of overtime; (7) EDCF

cellhouses and dormitories are overcrowded; (8) there is an insufficient amount of floorspace per

inmate under federal requirements at the EDCF; (9) due to overcrowding, bathroom facilities are

insufficient, and inmates have limited access to the dayroom area in one part of the EDCF; (10)

HCAC cells do not meet the federal requirements for square footage per inmate; (11) Hutchinson

Correctional Facility-East Unit, Hutchinson Correctional Facility-South Unit, Norton

Correctional Facility, Ellsworth Correctional Facility, and the Wichita Work Release Facility

have added too many inmates to their population without expanding facilities and fail to meet

federal requirements for floor space per inmate; (12) many two-person cells at the EDCF and

Ellsworth Correcitonal Facility house large breed dogs, in violation of state regulations; (13) the

KDOC has sent prisoners out of state for periods of time to combat prison overcrowding in

violation of the Interstate Corrections Compact, and in deprivation of personal property that was

stored in Kansas; (14) plaintiff was sent to a private prison in Texas due to prison overcrowding;

(15) the KDOC sent plaintiff to the Texas prison despite the fact that he was not eligible due to

his life sentence; (16) defendants failed to complete the conversion of prisoners with

indeterminate sentences to determinate sentences pursuant to the Kansas Sentencing Guidelines

Act (KSGA); (17) defendants cause the prison overcrowding by filling the prisons with

"technical parole violaters [sic] unnecessarily"; and (18) defendants have spent money in the state budget renovating their own personal offices instead of remedying problems in the state prison facilities.

Plaintiff attached to his Complaint his litigation history and states that he filed seven grievances with the KDOC on October 30, 2004.  Plaintiff asks the Court to issue prospective injunctive relief to remedy the problems plaintiff identifies with prison overcrowding, understaffing, and infectious disease.  He asks the Court to impose twenty-nine forms of prospective injunctive relief that include, "Order the defendants to take immediate and definitive steps to reduce prison overcrowding, i.e., release prisoners."  He also asks the Court to award compensatory, punitive, nominal, and treble damages in addition to costs.

## III.  Discussion

### A.  Jurisdiction

### 1.  Standing

Article III to the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies.[11]  Standing constitutes an "irreducible constitutional minimum" of the "case or controversy" requirement.[12]  Article III standing has the following elements:

> (1) the invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct"—meaning that the "injury fairly can be traced to the challenged action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision—meaning that the prospect of obtaining relief from . . . a favorable ruling is not

---

[11]*Vermont Ag. of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000); *United States v. Colo. Sup. Ct.*, 87 F.3d 1161, 1164–65 (10th Cir. 1996).

[12]*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Colo. Sup. Ct.*, 87 F.3d at 1164.

too speculative.[13]

If any of the elements of standing are missing, the Court may not exercise subject matter jurisdiction.[14]  "A court must raise the standing issue sua sponte, if necessary, in order to determine if it has jurisdiction."[15]  Plaintiff has the burden of proving that each of the elements of standing are present.[16]  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'"[17]  Because plaintiff is proceeding *pro se*, the Court interprets his pleadings liberally.[18]

Plaintiff's class action certification has been denied initially and upon reconsideration. Therefore, plaintiff must allege an injury in fact that establishes that the allegedly unconstitutional conditions injured him personally.[19]  A state prisoner lacks standing to "raise claims on behalf of others."[20]  "'[G]eneral observations' about prison conditions are not actionable under 42 U.S.C. § 1983. . . . Rather, to have standing, a state prisoner must state 'specific facts connecting the allegedly unconstitutional conditions with his own experiences [in

---

[13]*Bd. of County Comm'rs v. Geringer*, 297 F.3d 1108, 1112 (10th Cir. 2002) (quotations omitted).

[14]*Defenders of Wildlife*, 504 U.S. at 561.

[15]*United States v. Parker*, 362 F.3d 1279, 1284 (10th Cir. 2004); *Colo. Sup. Ct.*, 87 F.3d at 1166.

[16]*See Nova Health Sys. v. Gandy*, 388 F.3d 744, 749 (10th Cir. 2004).

[17]*Colo. Sup. Ct.*, 87 F.3d at 1165 (quoting *Defenders of Wildlife*, 504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)) .

[18]*Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992).

[19]*Swoboda v. Dubach*, 992 F.2d 286, 289–90 (10th Cir. 1993); *Bauer v. Dantis*, 77 F.3d 492, 1996 WL 77037, at *2 (10th Cir. Feb. 21, 1996) (unpublished table decision).

[20]*Bauer*, 1996 WL 77037, at * 2 (citing *Swoboda*, 992 F.2d at 289–90).

7

the prison], or indicat[e] how the conditions caused him injury.'"[21]   Liberally construing plaintiff's Complaint, only the following allegations involve facts connected with plaintiff's own experiences in prison: (1) plaintiff contracted TB due to a failure to isolate the general population at the prison from those with contagious diseases, such as TB; (2) plaintiff was sent to a private prison in Texas due to prison overcrowding and in violation of state regulations prohibiting transfers for prisoners serving life sentences.  Plaintiff alleges no actual injury to himself with regard to any of the other allegations in the Complaint.  Those remaining allegations do not constitute particularized and concrete injury, but rather constitute generalized grievances.  Therefore, plaintiff lacks standing to assert any of the claims made in the Complaint except with regard to his contraction of TB and transfer to a Texas prison.

Furthermore, plaintiff's allegations of actual injury must be able to be redressed by a favorable decision.  In his Complaint, plaintiff seeks twenty-nine forms of prospective injunctive relief.  All of the injunctive relief sought relates to the generalized complaints of prison overcrowding and overstaffing for which plaintiff lacks standing to pursue.  Therefore, the Court dismisses all allegations and concomitant prayers for injunctive relief that deal generally with prison conditions in KDOC facilities.

### 2.  Sovereign Immunity

The Court next addresses the issue of sovereign immunity, as it is a threshold issue.[22] Regardless of whether the Court may have diversity or federal question jurisdiction over certain claims, the United States Constitution does not provide for federal jurisdiction over suits brought

---

[21]*Id.* (quoting *Swoboda*, 992 F.2d at 289–90).

[22]*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *accord Justice v. Okla. Dept. of Human Servs.*, 122 Fed. Appx. 938, 939 (10th Cir. 2004).

by individuals against states under the doctrine of sovereign immunity except in two circumstances.[23]  First, jurisdiction may exist if the state consents to jurisdiction.[24]  Second, Congress may abrogate a state's immunity under section five of the Fourteenth Amendment.[25]

Here, plaintiff attempts to sue the State of Kansas and two state agencies: the Kansas Parole Board, and the Kansas Department of Corrections.  The Eleventh Amendment bars suits brought by litigants under § 1983 unless the State has waived its immunity.[26]  Here, the state of Kansas has not consented to suit; nor has Congress abrogated the states' immunity pursuant to section five of the Fourteenth Amendment for suits under section 1983.[27]  Therefore, the Court grants defendants' motions to dismiss the federal claims against the state of Kansas, the Kansas Parole Board, and the Kansas Department of Corrections.

Plaintiff also asserts official capacity claims against defendants Sebelius, Werholtz, and Scaife.  These defendants are immune from suit for monetary damages in their official capacities under the Eleventh Amendment.[28]  Plaintiff, however, outlines almost five pages worth of equitable relief he seeks in his Complaint.  The Supreme Court carved out an exception to sovereign immunity in *Ex parte Young*.[29]  This exception "permits suits for prospective

---

[23]U.S. CONST. AMEND. 11; *see, e.g.*, *Alden v. Maine*, 527 U.S. 706, 712–13 (1999).

[24]*Alden*, 527 U.S. at 730.

[25]*Id.* at 756; *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 78 (2000).

[26]*Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989).

[27]*Id.* at 63; *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("Kansas has not unmistakably waived its Eleventh Amendment immunity, and Congress has not abrogated that immunity [when it enacted § 1983]").

[28]*See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir. 2004).

[29]209 U.S. 123 (1908).

injunctive relief against state officials acting in violation of federal law.  State officers sued in *Ex parte Young* cases must have 'some connection' to the enforcement of the allegedly defective act."[30]  But, the Court has already dismissed all claims regarding general prison conditions asserted by plaintiff because he lacks standing.  The only remaining claims for which plaintiff has standing are his constitutional and tort claims concerning how he contracted TB and any claims surrounding his transfer to Texas.  None of the injunctive relief sought in the Complaint is relevant to these remaining claims.  Rather, all of the injunctive relief sought pertains strictly to the generalized grievances about KDOC prison conditions that have already been dismissed.  Therefore, the only relief sought against the state officials in their official capacity in this case is monetary damages, so *Ex Parte Young* is inapplicable.  The Court grants defendants' motion to dismiss defendants Sebelius, Werholtz, and Scaife in their official capacities under the doctrine of sovereign immunity.

### B.  Exhaustion of Administrative Remedies

Defendants contend that plaintiff failed to fully exhaust his administrative remedies for all of the allegations set forth in his Complaint.  Now that the Court has determined the standing and sovereign immunity issues, the only remaining claims are against defendants Werholtz and Scaife in their individual capacities for causing plaintiff to contract TB and to be wrongly transported to a prison in Texas.  Plaintiff submitted the following KDOC grievance in October 2004:

> All facilities in the KDOC are overcrowded as prisoners are denied the square footage of floor space required by Federal and ACA standards, subjecting myself and all other prisoners to be subjected

---

[30]*Prairie Band Potawatomi Nation v. Wagnon*, 402 F.3d 1015, 1026 (10th Cir. 2005).

> to unconstitutional conditions of confinement in violation of the 8th Amendment of the U.S. Constitution due to the Governor, Secretary of Corrections, Kansas Parole board, and representing agents thereof failing to adhere to the spirit and intent of the injuctive [sic] relief ordered in <u>Arney et al v. Finney et al</u>, 766 F.Supp. 934 (D.Kan.1991) causing myself and numerous other prisoners to be exposed to and contract contagious diseases/viruses/infections, i.e., Hepatitis B; Hepatitis C; TB; MRSA, etc. in addition to various other injuries associated with overcrowiding.  I am requesting financial compensation for injuries incurred and relief from the overcrowding for myself and all other simularily [sic] situated prisoners.

The unit team responded to this request stating that the EDCF facility met all ACA requirements for square footage and that "If <u>you</u> are experiencing any kind of medical distress please make arrangements to see medical staff ASAP."  Plaintiff appealed this response, which was denied.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . until such administrative remedies as are available are exhausted."[31]  Furthermore, the PLRA contains a "total exhaustion" rule, so "the presence of unexhausted claims in [the] complaint require[s] the district court to dismiss [the] action in its entirety without prejudice."[32]  Defendants argue that plaintiff's grievance only pertained to "lack of floor space," and that it did not cover testing and separation of new inmates or the adequacy of the ventilation system.  The Court finds that plaintiff's Eighth Amendment claim based on his contraction of TB was properly exhausted by filing his grievance.  It clearly references the fact that he has contracted TB due to prison overcrowding, in general.  However, the Court finds that he has not exhausted any claim he may have for being

---

[31] 42 U.S.C. § 1997e(a); *see also Patel v. Fleming*, 415 F.3d 1105, 1108–09 (10th Cir. 2005).

[32] *Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).

illegally transferred to Texas.  This allegation is not mentioned anywhere in his grievance.

There is no evidence or allegation in the Complaint that plaintiff attempted to grieve his prison

transfer allegation.  Because plaintiff's Complaint alleges claims that are unexhausted, the Court

**must** dismiss plaintiff's remaining federal claims without **prejudice.**

### C.  State Tort Claim

Plaintiff alleges that prison overcrowding caused him to contract TB, constituting gross

negligence, actionable under the Kansas Tort Claims Act (KTCA).[33]  He alleges that he tested

negative for TB in 1992 and positive for the first time while in KDOC custody in 1995.

Defendants argue that plaintiff fails to state a claim for "violating plaintiff's statutory rights."

They maintain that the KDOC follows established procedures and guidelines for processing

inmates who potentially have contagious diseases.  As defendants concede, the KTCA provides

the consent necessary to overcome sovereign immunity as to claims against governmental

entities for the "negligent or wrongful act[s] or omissions[s]" of their employees within the

scope of their employment.[34]

Defendants fail to specifically argue why plaintiff's KTCA claim should be dismissed

under the KTCA or Fed. R. Civ. P. 12(b)(6), therefore, those claims remain.  However, Judge

O'Hara has recently reconsidered his initial denial of plaintiff's Application to Proceed In Forma

Pauperis, and granted that application.  (Doc. 51.)  28 U.S.C. § 1915(e)(2), which provides that

an action filed without prepayment of fees shall be dismissed:

[A]t any time if the court determines that—
. . . .

---

[33]Plaintiff asserts diversity jurisdiction for this claim under 29 U.S.C. § 1332.

[34]K.S.A. § 75-6103(a); *see also Estate of Sisk v. Manzanares*, 262 F. Supp. 2d 1162, 1184 (D. Kan. 2002).

12

(B) the action or appeal –
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court finds that Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e).

The Court may dismiss a claim sua sponte under § 1915(e) when an affirmative defense is

"'obvious from the face of the complaint' and 'no further factual record [is] required to be

developed.'"[35]  Plaintiff alleges that he contracted TB in 1995, or nine years before filing this

KTCA action.  Because this court sits in diversity, it applies the applicable state statute of

limitations.[36]  Plaintiff's KTCA claim is based on negligence, therefore, the Kansas statute of

limitations period applicable to personal injury actions applies to this case.[37]  The statute of

limitations applicable to actions "for injury to the rights of another, not arising on contract," is

two years.[38]  Plaintiff's Complaint appears on its face to be time-barred, therefore it is dismissed.

    **IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to

Dismiss is **GRANTED**.  Plaintiff's federal claims against defendants Scaife and Werholtz in

their individual capacities are dismissed **without prejudice.**  Plaintiff's federal claims against all

defendants in their official capacities are dismissed **with prejudice.**  Plaintiff's state law claim is

dismissed **with prejudice.**

    **IT IS SO ORDERED.**

---

[35]*Fractus v. DeLand*, 49 F.3d 673, 674–75 (10th Cir. 1995) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987)).

[36]*Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 712 (10th Cir. 2005) (citing *Guaranty Trust Co. of New York v. New York*, 326 U.S. 99, 109–110 (1945); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751 (1980)); *Gray v. Phillips Petroleum Co.*, 998 F. Supp. 1221, 1223 (D. Kan. 1998).

[37]*Gehring v. Kansas Dep't of Transp.*, 886 P.2d 370, 374–75 (Kan. Ct. App. 1994).

[38]K.S.A. § 60-513(a)(4).

Dated this 22nd day of December 2005.


 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

*Memorandum and Order Granting Defendants' Motions to Dismiss*, Ellibee v. Sebelius, 04-3403-JAR.